UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAUL HOROWITZ,

                Plaintiff,

     v.

SPARK ENERGY, INC., SPARK HOLDCO, LLC, MAJOR ENERGY SERVICES, LLC, MAJOR ENERGY ELECTRIC SERVICES, LLC, and RESPOND POWER, LLC,

                Defendants.

**ORDER**

19 Civ. 7534 (PGG) (DCF)

---

PAUL G. GARDEPHE, U.S.D.J.:

        In this diversity action, Plaintiff Saul Horowitz asserts a breach of contract claim against (1) Defendants Spark Energy, Inc. and Spark HoldCo, LLC ("HoldCo"); and (2) Major Energy Services, LLC, Major Energy Electric Services, LLC, and Respond Power, LLC (collectively, the "Major LLCs"). (Am. Cmplt. (Dkt. No. 32) ¶¶ 64-78)  Plaintiff also asserts a tortious interference claim against defendants Spark Energy and HoldCo (collectively, the "Spark Entities").  (Id. ¶¶ 79-88)

        Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants have moved to dismiss all claims in the Amended Complaint except Plaintiff's breach of contract claim against the Major LLCs. (Def. Br. (Dkt. No. 34))  The Hon. Deborah Batts – to whom this case was previously assigned[1] – referred Defendants' motion to dismiss to Magistrate Judge Debra Freeman for a Report and Recommendation ("R&R").  (Dkt. No. 35)  On July 31, 2020, Judge Freeman issued an R&R recommending that Defendants' motion be granted with respect to Plaintiff's breach of contract

---

[1] The case was reassigned to this Court on February 20, 2020.

claim against the Spark Entities and otherwise denied.  (Id. at 23)[2]  Neither side has objected to the R&R.  For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

### I. FACTS[3]

Plaintiff alleges that he "built and developed" the Major LLCs, which operate in the energy service company ("ESCO") industry.  (Am. Cmplt. (Dkt. No. 32) ¶ 11)  During his tenure with the Major LLCs, Plaintiff grew the Major LLCs into successful regional businesses, which operated in eight states.  (Id. ¶ 13)  Larger ESCO entities became interested in acquiring the Major LLCs, and in 2016, non-party National Gas & Electric, LLC – an ESCO owned by W. Keith Maxwell, III – purchased the Major LLCs.  (Id. ¶¶ 15-17)  Under the terms of the purchase agreement ("First Purchase Agreement"), Plaintiff and other members of the Major LLCs sold their interests to National Gas, which became the sole owner of the Major LLCs.  (Id. ¶ 17)

According to Plaintiff, the First Purchase Agreement "designated [Plaintiff] as one of the Senior Management Team members whom [National Gas] would like to retain based upon the same terms and conditions as existed prior to the transaction."  (Id. ¶ 18 (internal quotation marks omitted))  Under the First Purchase Agreement's terms, National Gas agreed that it would "cause [the Major LLCs] to enter into [an] employment agreement with . . . [Plaintiff]."  (Id. ¶ 19)

---

[2]  Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

[3]  The parties have not objected to Judge Freeman's recitation of the alleged facts.  Accordingly, this Court adopts her account of the alleged facts in full.  See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true.").

In April 2016, Plaintiff entered into an employment agreement with the Major LLCs (the "Employment Agreement"). (Id. ¶ 27; see also Employment Agreement (Dkt. No. 38-3)) The Employment Agreement provides that Plaintiff will serve as a Senior Advisor to the Major LLCs for an initial term that would continue through 2018, with his position to automatically renew for successive one-year terms absent notice from either side of an intention not to renew. (Am. Cmplt. (Dkt. No. 32) ¶ 31; Employment Agreement (Dkt. No. 38-3) §§ 1.1, 3.1)

Under the terms of the Employment Agreement, Plaintiff's employment is subject to termination with or without cause. (Employment Agreement (Dkt. No. 38-3) § 3.2; Am. Cmplt. (Dkt. No. 32) ¶¶ 32-34) If terminated without cause, Plaintiff is entitled to certain benefits, including unpaid bonuses, unpaid salary, and a severance package. (Employment Agreement (Dkt. No. 38-3) § 3.3; Am. Cmplt. (Dkt. No. 32) ¶¶ 54-63)

Under Section 3.2(a) of the Employment Agreement, Plaintiff may be terminated "for cause" only where

> (i) [Plaintiff] commits a material breach of any term or provision of this Agreement, and such breach is not cured by [Plaintiff] within thirty (30) days . . . ; or
>
> (ii) The [Major LLCs] determine[], in good faith, following discussions with [Plaintiff] providing [Plaintiff] a reasonable opportunity to explain the underlying facts and circumstances, that [Plaintiff] has engaged in any of the following actions (provided that the notice of termination shall specify the facts and circumstances giving rise to the termination): (A) [Plaintiff] has engaged in fraud, gross misconduct, breach of fiduciary obligations, or misappropriated, stolen or embezzled funds or property from the [Major LLCs], or (B) [Plaintiff] has been convicted of a felony or entered a felony plea of "nolo [contendere]" or [Plaintiff] has been convicted of a first degree misdemeanor or entered a plea of "nolo [contendere]" to a first degree misdemeanor, which, in the reasonable opinion of the [Major LLCs], brings [Plaintiff] into disrepute or is likely to cause material harm to the [Major LLCs'] business, customer or supplier relations, financial condition or prospects, such as, for example and without limitation, a crime of moral turpitude.

(Employment Agreement (Dkt. No. 38-3) § 3.2(a)(i)-(ii))

In May 2016, National Gas purported to sell its interests in the Major LLCs to defendant HoldCo, another limited liability company affiliated with Maxwell.[4]  (Am. Cmplt. (Dkt. No. 32) ¶¶ 3-4, 21-22)  Under the terms of the purchase agreement ("Second Purchase Agreement"), HoldCo "assumed all responsibilities and obligations toward the former Major [LLCs'] members," including Plaintiff.  (Id. ¶ 22)  Defendant Spark Energy was HoldCo's "managing member," which made it "responsible for all operational, management and administrative decisions relating to HoldCo's business."  (Id. ¶¶ 3, 25)  Spark Energy was named as a party to the Second Purchase Agreement, but its role was "primarily that of a guarantor"; it did not obtain any direct ownership interest in the Major LLCs.  (Id. ¶ 23)

On March 27, 2019, Plaintiff received an email from Grae Griffin.  (Id. ¶ 37)  In the email, Griffin identified himself as the Vice President of Human Relations of non-party NuDevco, LLC – one of HoldCo's three members.  (Id.)  Elsewhere, however, Griffin has identified himself as Spark Energy's Vice President of Human Resources.  (Id.)  In his March 27, 2019 email, Griffin threatens to terminate Plaintiff for cause pursuant to Section 3.2(a)(ii) of the Employment Agreement.  (Id.)  Griffin accused Plaintiff of "intentionally deleting company files from his computer and copying those files to an external device in October 2017 when [the Horowitz-National Gas Case] was instituted."  (Id. ¶ 39; see supra n.4)  Plaintiff denied Griffin's allegations, and stated that he intended to address them in the Horowitz-National Gas Case.  (Am. Cmplt. (Dkt. No. 32) ¶ 40; see supra n.4)

---

[4] Former members of the Major LLCs – including Plaintiff – have brought a separate action in this District challenging the validity of the sale.  (R&R (Dkt. No. 49) at 6 n.2 (citing Horowitz v. National Gas & Electric, LLC,  17 Civ. 7742 (JPO) (S.D.N.Y.) (the "Horowitz-National Gas Case"))

On March 28, 2019, Plaintiff received a "Notice of Termination for Cause," which purported to effect his immediate termination. (Am. Cmplt. (Dkt. No. 32) ¶ 41) The notice states that Plaintiff has engaged "'in actions that rise to the level of at least gross misconduct, breach of fiduciary duty, fraud or misappropriation, which are precluded under Section 3.2(a)(ii) of the Employment Agreement.'" (Id. ¶ 43) The termination notice is printed on the letterhead of the Major LLCs, and is signed by Nathan Kroeker, who identifies himself as the Major LLCs' President and CEO. (Id. ¶ 41) According to the Amended Complaint, however, Kroeker is Spark Energy's President and CEO, and "the individuals who orchestrated and implemented [Plaintiff's] termination [were] all Spark [Energy] officers."[5] (Am. Cmplt. (Dkt. No. 32) ¶ 44)

## II.  PROCEDURAL HISTORY

On July 3, 2019, Plaintiff filed the Complaint in Supreme Court of the State of New York, Rockland County. (Notice of Removal (Dkt. No. Dkt. No.1) ¶ 1; Cmplt. (Dkt. No. 1-1)) Defendants removed the action on August 12, 2019, before service had been effected. (Notice of Removal (Dkt. No. Dkt. No.1) ¶ 4) Plaintiff filed the Amended Complaint on October 30, 2019. (Am. Cmplt. (Dkt. No. 32))

In the Amended Complaint, Plaintiff claims that the Major LLCs breached the Employment Agreement by improperly terminating him "for cause" without demonstrating a basis for doing so under Section 3.2(a) of that Agreement and without first engaging in good-faith discussions or "providing him with a reasonable opportunity to explain the underlying facts and circumstances" concerning his purported misconduct. (Id. ¶¶ 68-69) Plaintiff also asserts a

---

[5] The Second Purchase Agreement identifies Kroeker as HoldCo's president. (Am. Cmplt. (Dkt. No. 32) ¶ 44)

5

breach of contract claim against the Spark Entities "[t]o the extent the Employment Agreement or any rights and obligations therein were assigned or delegated" to them.  (Id. ¶ 75)  Plaintiff further contends – in the alternative – that the Spark Entities are liable for tortious interference (id. ¶¶ 79-88), as they "knew of the Employment Agreement and its terms" (id. ¶ 83) and "actively and affirmatively took steps to induce or cause [the] Major [LLCs] to breach the Employment Agreement and injure [Plaintiff]."  (Id. ¶ 86)  Plaintiff seeks punitive damages on his tortious interference claim.  (Id. ¶ 88)

On November 13, 2019, Defendants filed their motion to dismiss.  (Def. Br. (Dkt. No. 34))  Defendants contend that Plaintiff's breach of contract claim against the Spark Entities must be dismissed because neither of the Spark Entities is a party to the Employment Agreement.  (Id. at 3-5)  As to the tortious interference claim against the Spark Entities, Defendants argue, inter alia, that the claim must be dismissed as duplicative of Plaintiff's breach of contract claim against those entities.  (Id. at 7)  Finally, Defendants contend that Plaintiff's punitive damages claim should be dismissed because the Amended Complaint does not plead allegations demonstrating malice or criminal activity.[6]  (Id. at 11-12)

On November 14, 2019, Judge Batts referred Defendant's motion to Judge Freeman for an R&R.  (Dkt. No. 35)  On July 31, 2020, Judge Freeman issued an R&R, in which she recommends that Defendants' motion be (1) granted as to Plaintiff's breach of contract claim against the Spark Entities; (2) denied as to Plaintiff's tortious interference claim; and (3) denied as to Plaintiff's punitive damages claim.  (R&R (Dkt. No. 49) at 27-28)  The R&R notifies the parties that they "have fourteen (14) days from service of the Report to file written objections,"

---

[6] This Court addressed similar arguments in a related case.  See Wiederman v. Spark Energy, Inc., No. 19 Civ. 4564 (PGG), 2020 WL 1862319 (S.D.N.Y. Apr. 14, 2020).

and that "FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW."  (R&R (Dkt. No. 53) at 23-24 (emphasis in original))  As noted above, neither side has objected to the R&R.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of Report and Recommendation

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to an R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  A party, however, "generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object."  DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

#### B. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

Allegations that "are no more than conclusions[] are not entitled to the assumption of truth," however. Iqbal, 556 U.S. at 679. A pleading is conclusory "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" id. at 678, offers "'a formulaic recitation of the elements of a cause of action,'" id., and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007). While legal conclusions "can provide the complaint's framework, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

"On a motion to dismiss for breach of contract, courts look . . . at the contract itself, which by definition is integral to the complaint." Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG, 234 F. Supp. 3d 526, 533 (S.D.N.Y. 2017) (citing Interpharm, Inc. v. Wells Fargo Bank, Nat. Ass'n, 655 F.3d 136, 141 (2d Cir. 2011)).

## II.     ANALYSIS

Because the parties have not objected to the R&R, they have waived their right to judicial review. This Court has nonetheless reviewed the R&R for clear error. As discussed below, the Court finds no error – clear or otherwise – in Judge Freeman's thorough and well-reasoned analysis of the issues. Accordingly, the R&R will be adopted in its entirety.

### A.     Contract Claim Against the Spark Entities

The Spark Entities are not parties to the Employment Agreement. As the R&R notes, "'[i]t is black letter law that non-parties ordinarily cannot be held liable for a breach of contract.'" (R&R (Dkt. No. 53) at 14-15 (quoting Rennaker Co. Consulting, Inc. v. TLM Grp., LLC, No. 16cv3787 (DAB), 2017 WL 2304302, at *2 (S.D.N.Y. May 18, 2017)) (citing Ixe Banco, S.A. v. MBNA America Bank, N.A., No. 07cv0432 (LAP), 2008 WL 650403, at *12 (S.D.N.Y. Mar. 7, 2008) ("Non-parties cannot be liable for a breach of contract under New York law."))) "There are limited exceptions to this rule, but a plaintiff seeking to invoke them bears a 'heavy burden.'" (Id. at 15 (quoting Ixe Banco, 2008 WL 650403, at *12)) For example, "'a parent can be held liable for a subsidiary's breach of contract if the plaintiff can show that the parent corporation exercised complete domination of the subsidiary corporation in respect to the transaction attacked; and . . . that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury.'" (Id. (quoting IMG Fragrance Brands, LLC v. Houbigant, Inc., 679 F. Supp. 2d 395, 403-04 (S.D.N.Y. 2009)))

Judge Freeman finds that Plaintiff "does not come close to alleging facts sufficient to plead that [the Spark Entities] exercised complete dominion over the Major [LLCs], such that [they] may be held responsible for the Major [LLCs'] alleged breach of contract." (Id. at 16) Plaintiff appears to concede as much, given that his opposition brief "does not argue that

9

Spark [Energy] or HoldCo could be liable for [the Major LLC's] alleged breach under such a theory." (Id.)

Plaintiff instead emphasizes that the Employment Agreement is binding on parties' "'successors.'" (Pltf. Opp. (Dkt. No. 38) at 10-11 (quoting Employment Agreement (Dkt. No. 38-3) § 5.3))  Plaintiff contends that the Spark Entities are successors to the Major LLCs and therefore are responsible for the Major LLCs' obligations under the Employment Agreement. (Id. (citing Employment Agreement (Dkt. No. 38-3) § 5.3))  As the R&R notes, however, the Amended Complaint does not plead facts demonstrating that the Spark Entities "were successors to the Major [LLCs]." (Id. at 17)  Nor does the Amended Complaint allege that the Spark Entities expressly assumed the Major LLCs' obligations under the Employment Agreement. (Id.)  Judge Freeman finds that the absence of such allegations is fatal to Plaintiff's successor argument. (Id.; see GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 198 F.R.D. 402, 407 (S.D.N.Y. 2001) ("'Under New York law, the assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless [it] expressly assumes to do so.'") (quoting A. Brod, Inc. v. SK & I Co., L.L.C., 998 F. Supp. 314, 321 (S.D.N.Y. 1998)).

Because "Plaintiff has not pleaded that either Spark [Energy] or HoldCo was a party to the Employment Agreement" and "has also not pleaded that either entity exercised complete dominion over the Major [LLCs], or that either entity was the Major [LLCs'] 'successor' or had expressly assumed the Major [LLCs'] obligations under the Employment Agreement," Judge Freeman recommends "that Defendants' motion to dismiss Plaintiff's breach-of-contract claim against [the Spark Entities] be granted." (Id. at 18)  Judge Freeman recommends, however, that dismissal be with leave to amend, "because[] even if Plaintiff cannot

plead successor liability or an express assumption of obligations, he may be able to plead facts sufficient to give rise to an inference that Spark [Energy] and/or HoldCo exercised complete dominion over the Major [LLCs]." (Id.)

The Court finds no error in Judge Freeman's recommendation. Accordingly, Plaintiff's breach of contract claim against the Spark Entities will be dismissed with leave to amend.

### B.       Tortious Interference Claim Against the Spark Entities

"Under New York law, the elements of a claim for tortious interference with contract are: (1) 'the existence of a valid contract between the plaintiff and a third party'; (2) the 'defendant's knowledge of the contract'; (3) the 'defendant's intentional procurement of the third-party's breach of the contract without justification'; (4) 'actual breach of the contract'; and (5) 'damages resulting therefrom.'" (R&R (Dkt. No. 53) at 18-19 (quoting Kirch v. Liberty Media Corp., 449 F.3d 388, 401 (2d Cir. 2006))

Defendants do not dispute that these elements are adequately pleaded. Instead, they contend that Plaintiff's tortious interference claim – which is asserted against the Spark Entities only – should be dismissed "as duplicative of his breach-of-contract claim, and as violative of the rule that a party cannot tortiously interfere with its own contract." (Id. at 19 (citing Def. Br. (Dkt. No. 34) at 7-9))  Because Plaintiff "does not state a plausible breach-of-contract against" the Spark Entities, however, Judge Freeman finds that "the tortious-interference claim should 'not be dismissed as duplicative.'" (Id. (quoting Wiederman, 2020 WL 1862319, at *9))  Moreover, the "rule that a party cannot tortiously interfere with its own contract is . . . not applicable here because [the Spark Entities] are not parties to the Employment Agreement." (Id.)

11

Accordingly, Judge Freeman recommends that Defendant's motion to dismiss Plaintiff's tortious interference claim be denied. (Id.)

Defendants also argue that – because the Spark Entities are "parent[s]" of the Major LLCs – these entities cannot be liable for tortiously interfering with the Employment Agreement given that, under New York law, "'parent corporations may not tortiously interfere with their subsidiaries' contracts.'" (Def. Br. (Dkt. No. 34) at 6 (citing Levinson v. Primedia Inc., No. 02-CIV-2222(DAB), 2007 WL 2298406, at *11 (S.D.N.Y. Aug. 9, 2007))) Accepting the Amended Complaint's allegations as true, however, Judge Freeman finds that Plaintiff has pled that the Spark Entities are not legitimate parents of the Major LLCs. Although HoldCo, in the Second Purchase Agreement, "purported to acquire 'all or substantially all' of the membership interests in the Major [LLCs] (thereby putatively becoming the Major Companies' parent)," the Amended Complaint "raises a factual issue as to the legitimacy of HoldCo's status as the parent of the Major [LLCs], as Plaintiff has alleged that the Second [Purchase Agreement] was not entered into with the requisite consent of the former members of the Major [LLCs]," and the Second Purchase Agreement is being "challenged in a separate, ongoing lawsuit." (R&R (Dkt. No. 53) at 20; see also supra n.4) As to Spark Energy, its "role with respect to the Second [Purchase Agreement] was only that of a 'guarantor,' and Spark [Energy] did not, itself, acquire any direct interests in the Major Companies," and therefore cannot be a parent. (Id. (citing Am. Cmplt. (Dkt. No. 32) ¶¶ 22, 23, 25))

For these reasons, Judge Freeman recommends that Defendants' motion to dismiss the tortious interference claim be denied. This Court agrees with Judge Freeman's analysis, and Defendants' motion to dismiss Plaintiff's tortious interference claim will be denied.

### C. <u>Punitive Damages</u>

Defendants have moved to dismiss Plaintiff's punitive damages claim. (Def. Br. (Dkt. No. 53) at 7-8)  A punitive damages claim is not a cause of action but is instead a form of relief. (R&R (Dkt. No. 53) at 22)  For this reason, Judge Freeman recommends that Defendant's motion be denied as "premature." (Id.) see Jones v. City of New York, No. 18-CV-1937 (VSB), 2020 WL 1644009, at *17 (S.D.N.Y. Apr. 2, 2020) ("'Because punitive damages are a form of damages, not an independent cause of action, a motion to dismiss a prayer for relief in the form of punitive damages is "procedurally premature."'") (quoting Farina v. Metro. Transp. Auth., 409 F. Supp. 3d 173, 220 (S.D.N.Y. 2019)); Grimes-Jenkins v. Consol. Edison Co. of New York, Inc., No. 16 CIV 4897 (AT) (JCF), 2017 WL 2258374, at *1 n.3 (S.D.N.Y. May 22, 2017), report and recommendation adopted, 2017 WL 2709747 (S.D.N.Y. June 22, 2017) ("'Punitive damages are not a separate cause of action and, thus, courts generally find motions to strike punitive damages at the motion to dismiss stage to be premature.'") (quoting Denis v. Home Depot, U.S.A., Inc., No. 10 CV 3227, 2014 WL 6632486, at *6 (E.D.N.Y. Nov. 21, 2014)).  This Court agrees with Judge Freeman's analysis.  Accordingly, Defendants' motion to dismiss Plaintiff's punitive damages claim will be denied.

## CONCLUSION

For the reasons stated above, Judge Freeman's R&R (Dkt. No. 53) is adopted in its entirety.  Defendants' motion to dismiss (Dkt. No. 33) is granted to the extent that Plaintiff's breach of contract claim against Defendants Spark Energy and HoldCo is dismissed with leave to amend.  Defendants' motion is otherwise denied.  Any motion for leave to file a second amended

13

complaint must be filed by September 4, 2020.

Dated: New York, New York
      August 21, 2020

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge